UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURWOOD L. PRICE,**

    **Plaintiff,**

                                       Civil No: 2:11-CV-15166
                                       HONORABLE NANCY G. EDMUNDS
v.                                     UNITED STATES DISTRICT COURT

**UNITED STATES OF AMERICA,**

    **Defendants,**
_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

### I. Introduction

Curwood L. Price, ("Plaintiff"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* complaint pursuant to 28 U.S.C. § 791, *et. Seq.,* 28 U.S.C. § 1491, *et. Seq.,* 28 U.S.C. § 2501, *et. Seq.,* R.Ct.Fed.Claim. 1, as well as the Seventh, Ninth, and Fourteenth Amendment of the United States Constitution. For the reasons stated below, the complaint is dismissed for failing to state a claim upon which relief can be granted. The Court will also deny plaintiff's request to transfer this matter to the Federal Court of Claims.

### II. Standard of Review

A plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Because plaintiff is alleging that his constitutional rights were violated by persons acting

1

under color of federal law, plaintiff's complaint is properly construed as a *Bivens* action. *See e.g. Shehee v. Luttrell,* 199 F.3d 295, 298 (6th Cir. 1999).

Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See e.g. Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

### III. Complaint

Plaintiff alleges that he commenced an action in the United States District Court for the Eastern District of Michigan on March 31, 2011. This case was assigned to Judge Denise Page Hood. *See Price v. Third Circuit Court Criminal Div.,* U.S.D.C. No. 2:11-CV-11325 (E.D. Mich.). Plaintiff claims that his action was wrongly characterized as a petition for writ of habeas corpus, when in fact, he did not seek habeas relief from his conviction. The district court ultimately corrected the matter by granting plaintiff permission to proceed *in forma pauperis* under the PLRA's partial payment provisions for filing civil actions other than habeas petitions. Plaintiff, however, claims that Judge Hood dismissed his action on June 30, 2011 by erroneously characterizing plaintiff's pleadings as a civil rights complaint

brought pursuant to 42 U.S.C. § 1983. *Price v. Third Circuit Court Criminal Div.*, No. 2011 WL 2600637 (E.D. Mich. June 30, 2011). Plaintiff further alleges that Judge Hood never addressed all of the claims that he raised in his complaint. Plaintiff subsequently filed a motion for relief from judgment, which he claims has yet to be ruled upon by Judge Hood. Plaintiff claims that his rights to equal protection and application of the law have been violated. Plaintiff has named the United States as the defendant in this case. It is unclear whether he seeks to name other persons or entities as defendants. Plaintiff seeks monetary damages and declaratory and injunctive relief.

## IV.  Discussion

Plaintiff's action against the United States of America must be dismissed. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). A *Bivens* cause of action therefore cannot be brought against the federal government or a federal agency. *Id.* at 483-86. Plaintiff's lawsuit against the United States of America is thus barred by the doctrine of sovereign immunity. *See Ashbrook v. Block,* 917 F.2d 918, 924 (6th Cir. 1990); *See also Blakely v. First Federal Savings Bank & Trust*, 93 F. Supp. 2d 799, 804 (E.D. Mich. 2000). Likewise, plaintiff cannot maintain a *Bivens* action against the United States District Court for the Eastern District of Michigan. *See Smith v. Krieger,* 643 F. Supp. 2d 1274, 1294 (D. Colo. 2009).

To the extent that plaintiff is attempting to sue Judge Hood, the complaint is subject to dismissal because Judge Hood is immune from suit for damages arising out of her duties as a federal judge.

Judges are generally absolutely immune from civil rights suits for money damages.

*Ireland v. Tunis*, 113 F. 3d 1435, 1440 (6th Cir.1997)(citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12 (internal citations omitted). The doctrine of absolute judicial immunity also protects federal judges from injunctive relief as well as monetary damages. *Kipen v. Lawson,* 57 Fed. Appx. 691 (6th Cir. 2003)(*citing Bolin v. Story,* 225 F. 3d 1234, 1240-42 (11th Cir. 2000). Federal judges are also immune from *Bivens* suits for equitable relief. See *Newsome v. Merz,* 17 Fed. Appx. 343, 345 (6th Cir. 2001).

In the present case, Judge Hood was acting in a judicial capacity when she adjudicated plaintiff's complaint. Accordingly, Judge Hood is immune from suit for her adjuducation of plaintiff's case.

Plaintiff has also asked this Court to transfer this matter to the United Court of Federal Claims. In the present case, there is no statute of limitations problem and plaintiff is free to file a separate action with the Federal Court of Claims, thus, it is not necessary "in the interest of justice" to transfer plaintiff's case pursuant to 28 U.S.C. § 1631 against the United States of America to the Court of Federal Claims. *See e.g. AT, Inc. v. U.S.,* 24 F. Supp. 2d 399, 400 (M.D. Pa. 1998)(citing *McKeel v. Islamic Republic of Iran*, 722 F.2d 582 (9th Cir.1983)).

### V. CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint [Dkt. # 1] is **DISMISSED WITH**

**PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED** that plaintiff's motion to transfer case [Dkt. # 2] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motions to advance case management order and procedures [Dkt. # 3], advance ADR and order for related hearing [Dkt. # 4], and to expedite proceedings [Dkt. # 5] are **DENIED AS MOOT**.

Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962);

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 29, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager